UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHARON LASSETER, ET AL.,

    Plaintiffs,

v.                            Case No.: 8:18-cv-1912-T-33TGW

RESTAURANT DELIVERY DEVELOPERS,
LLC d/b/a DOORSTEP DELIVERY,
ANDREW BROWN, THOMAS COLANGELO,
WILLIAM MOORE, and DANIEL SINOR,

    Defendants.
_____/

**ORDER**

This matter comes before the Court sua sponte. For the reasons that follow, all claims, other than those alleged by the first named Plaintiff Sharon Lasseter, will be severed and dismissed without prejudice to being re-filed in separate individual actions. In addition, Lasseter's complaint is dismissed without prejudice so she may file an amended complaint showing that she brings her case individually.

**I. Background**

David Roberson initiated a Fair Labor Standards Act case in this Court on March 31, 2017, under case number 8:17-cv-769-T-33SPF. On July 11, 2017, Roberson filed a

1

motion for conditional certification, seeking to conditionally certify a nationwide FLSA collective action of Doorstep Delivery drivers. (8:17-cv-769-T-33SPF at Doc. # 25). Restaurant Delivery Developers opposed Roberson's motion for conditional certification, arguing that it was not the correct defendant because it never held itself out as Doorstep Delivery and never hired Roberson or any other delivery driver. (8:17-cv-769-T-33SPF at Doc. # 43). The Court granted the motion and conditionally certified the collective action on September 18, 2017. (8:17-cv-769-T-33SPF at Doc. # 46). Because the questions before the Court at the conditional certification stage were only whether a class of similarly situated Doorstep Delivery drivers existed and whether those drivers would be interested in opting in, the Court did not address whether Restaurant Delivery Developers really was Doorstep Delivery. (Id. at 7-8). Numerous opt-in Plaintiffs, 848 in total, joined in Roberson's action. (8:17-cv-769-T-33SPF Doc. ## 85, 21, 21).

With the Court's leave, Roberson filed a Second Amended Complaint on April 23, 2018, asserting an FLSA overtime claim and an FLSA minimum wage claim on behalf of the collective action class members, as well as an individual

Florida state law minimum wage claim brought by Roberson only. (8:17-cv-769-T-33SPF at Doc. # 77). The Second Amended Complaint added the four individual founders of Restaurant Delivery Developers — Andrew Brown, Thomas Colangelo, William Moore, and Daniel Sinor — as Defendants.

After the close of class discovery, Defendants filed a Motion to decertify the collective action, arguing that they never hired or contracted with any delivery drivers and that, regardless, the opt-in Plaintiffs were not similarly situated. (8:17-cv-769-T-33SPF at Doc. # 80). On June 20, 2018, the Court granted the Motion to de-certify. (8:17-cv-769-T-33SPF at Doc. # 89). The Court focused on the question of "whether the opt-in Plaintiffs are similarly situated to one another such that this action may proceed as a collective action." (Id. at 7). In determining that the Plaintiffs were not "similarly situated," the Court addressed the following factors, among other considerations: (1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendants that appear to be individual to each plaintiff; and (3) fairness and procedural considerations. See Morgan

v. Family Dollar Stores, Inc., 551 F.3d 1233, 1261 (11th Cir. 2008).

The Court also addressed the sub-factors of:

> (1) whether the plaintiffs all held the same job title;
> (2) whether they worked in the same geographic location;
> (3) whether the alleged violations occurred during the same time period;
> (4) whether the plaintiffs were subjected to the same policies and practices, and whether these policies and practices were established in the same manner and by the same decision-maker; and
> (5) the extent to which the actions which constitute the violations claimed by plaintiffs are similar.

Whineglass v. Smith, No. 8:11-cv-2784-T-23TGW, 2013 WL 2237841, at *7 (M.D. Fla. May 21, 2013)(citations omitted). Ultimately, the Court was not convinced that the over 800 opt-in Plaintiffs were similarly situated. The Court also found that Roberson failed to show that he and the opt-in Plaintiffs worked in similar employment settings and that their claims shared a similar factual basis.

The Court also explained that Defendants intended to show that each individual Plaintiff was an independent contractor, and the Court reasoned that the FLSA economic realities test could not be applied collectively in this case. Under the economic realities test, courts consider the following in determining an individual's employment status:

4

>     (1) the nature and degree of the alleged employer's control as to the manner in which the work is to be performed;
>     (2) the alleged employee's opportunity for profit or loss depending upon his managerial skill;
>     (3) the alleged employee's investment in equipment or materials required for his task, or his employment of workers;
>     (4) whether the service rendered requires a special skill;
>     (5) the degree of permanency and duration of the working relationship; and
>     (6) the extent to which the service rendered is an integral part of the alleged employer's business.

Scantland v. Jeffry Knight, Inc., 721 F.3d 1308, 1312 (11th Cir. 2013).

The Court decided that whether the delivery drivers were independent contractors should not be handled collectively. See Demauro v. Limo, Inc., No. 8:10-cv-413-T-33AEP, 2011 WL 9191, at *3 (M.D. Fla. Jan. 3, 2011)("The economic realities test is fact intensive and requires individualized analysis. Accordingly, a number of courts have determined that whether an individual is an independent contractor or an employee is not appropriate for determination on a class-wide basis."). The Court stated that, even if it were able to determine that all opt-in Plaintiffs were employees, Defendants would still have other individualized defenses available to them. Depending on the variety of hours each driver worked, Defendants would likely

argue that some drivers never worked overtime or some drivers always received the minimum wage for their work. The potential variability of hours worked supported that the inquiry into whether overtime hours were worked and minimum wages were paid would be highly individualized.

Last, the Court found that generalized fairness and procedural considerations required that the FLSA claimants proceed individually, rather than collectively. The Court found:

> Here, proceeding as a collective action is not an efficient use of the Court's resources and presents a significant risk of prejudice to both parties. Although the Court understands Roberson's desire to proceed as a collective action, efficiency and fairness weigh against proceeding as such. The large number of opt-in Plaintiffs asserting highly-individualized claims supports that it is more efficient to adjudicate their claims individually. See Demauro, 2011 WL 9191, at *4 ("This necessarily individualized assessment [of whether each opt in sedan driver was an employee or independent contractor] eviscerates all notions of judicial economy that would otherwise be served by conditional class certification.").

(8:17-cv-769-T-33SPF at Doc. # 89, p. 21)

The Court dismissed the opt-in Plaintiffs' claims without prejudice. See Rodriguez v. Niagara Cleaning Services, Inc., No. 09-cv-22645, 2010 WL 11505505, at *5 (S.D. Fla. Dec. 14, 2010)("[T]he claims of the opt-in

Plaintiffs are dismissed without prejudice, and the allegations of the opt-in Plaintiffs in the Amended Complaint are stricken as moot." (citing Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1218 (11th Cir. 2001)).

Notably, Roberson's individual case is still pending. Now, 126 Plaintiffs that had originally opted into Roberson's case have filed a new FLSA complaint in this case, No. 8:18-cv-1912. (Doc. # 1). The Complaint makes it clear that "Plaintiffs had previously timely opted in to Roberson v. Restaurant Delivery Developers, LLC d/b/a Doorstep Delivery, Et al., Case No. 8:17-cv-[769]-VMC-MAP (M.D. Fla.), a related collective action brought pursuant to Section 216(b) of the FLSA. The Roberson matter was decertified as a collective action on June 20, 2018, and the opt-in plaintiffs' claims were dismissed without prejudice." (Id. at 4).

The Court determines that the individual Plaintiffs' claims should be severed. Under Rule 20(a)(1) of the Federal Rules of Civil Procedure, claims are properly joined only if they "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences" and share a common "question of fact or law." As one court has

7

observed, "Rule 20 refers to the *same* transaction or occurrence not to *similar* transactions or occurrences." Hartley v. Clark, No. 3:09-cv-559, 2010 WL 1187880, at *3 (N.D. Fla. Feb. 12, 2010)(emphasis added), report and recommendation adopted at 2010 WL 1187879 (N.D. Fla. March 23, 2010).

When claims are improperly joined, the Court has the discretion to sever any claim against a party under Rule 21 of the Federal Rules of Civil Procedure. Rule 21 states: "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Rule 21, Fed. R. Civ. P. And, this Court enjoys considerable discretion to sever claims when the interests of judicial economy so require, even when the technical requirements of Rule 20 are met. See Barber v. America's Wholesale Lender, 289 F.R.D. 364, 368 (M.D. Fla. 2013).

The Court is aware of FLSA cases such as Gonzalez v. Batmasian, 320 F.R.D. 580 (S.D. Fla. 2017), where a motion to sever two FLSA plaintiffs was denied. The court reasoned that the jury would not be confused or overwhelmed if it

8

were to hear from two individual workers proceeding against two individual defendant employers. However, that case is not comparable to the present case, where 126 Plaintiffs attempt to collectively pursue their claims in a single trial after a decertification Order has already been entered.

The present case is more akin to Mercedes-Benz U.S. International, Inc. v. Lawson, No. 7:08-cv-536, 2012 WL 13024730 (N.D. Ala. Feb. 7, 2012). There, the court recognized that it is "settled that multiple plaintiffs to an FLSA action *can* be joined under Fed. R. Civ. P. 20(a)(1), and that such joinder does not constitute a 'collective action.'" Id. at *2. However, the court severed the one hundred individual plaintiffs, explaining: "the Plaintiffs' situations and experiences, while sharing some common elements, cannot rightly be said to arise out of the same transaction, occurrence, or series of transactions or occurrences." Id. Among other considerations, the court noted that determining whether an employee is exempt from the FLSA's overtime requirements is a highly fact intensive inquiry and that each individual worker was employed at different times and labored under different supervisors.

9

Similarly, this Court has already exhaustively and extensively addressed whether the claims of the delivery drivers who labored for Defendants should be addressed collectively or individually. The Court determined that the FLSA claims must be addressed on an individual basis, after considering numerous factors and subfactors all summarized above.

Therefore, the Court implements and enforces its prior decertification Order and reiterates that the same individualized concerns that prevented these same plaintiffs from litigating collectively in 8:17-cv-769-T-33SPF also prevent the plaintiffs from proceeding collectively in this action. The present litigation will involve only Sharon Lasseter's claims. The claims of all other individual Plaintiffs are hereby dismissed without prejudice to being filed in separate, individual actions. The Complaint in this case is dismissed without prejudice to Sharon Lasseter, so she may file an Amended Complaint by September 14, 2018, including only her individual claims.

Accordingly, it is now

**ORDERED, ADJUDGED**, and **DECREED**:

(1) All claims, other than the claims of Sharon Lasseter, are severed pursuant to Rule 21 and dismissed without prejudice to commencing separate individual actions. The statute of limitations for any claim asserted in this case is deemed tolled for a period of 20 days from the date of this Order.

(2) Sharon Lasseter is directed to file an Amended Complaint containing only her claims by September 14, 2018.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 28th day of August, 2018.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE