UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHARON LASSETER,

    Plaintiff,
v.                        CASE NO: 8:18-cv-1912-T-33TGW

RESTAURANT DELIVERY
DEVELOPERS, LLC, ET AL.,

    Defendants.
_____/

**ORDER**

This matter is before the Court pursuant to Plaintiff Sharon Lasseter's Answers to Court's Interrogatories (Doc. # 20), filed on December 14, 2018. The Court requires additional information as explained below.

**Discussion**

Lasseter filed the Complaint in this Fair Labor Standards Act ("FLSA") case on August 3, 2018, and, at the Court's direction, filed an Amended Complaint on September 14, 2018. (Doc. ## 1, 13). Defendants filed an Answer and Affirmative Defenses on October 29, 2018. (Doc. # 24). The Court entered its FLSA Scheduling Order on October 30, 2018. (Doc. # 25). That Order is narrowly tailored to facilitate the speedy resolution of FLSA cases. The first step of the Order requires the parties to exchange information regarding the alleged unpaid wages. The second step of the Order

contemplates Plaintiff filing sworn Interrogatory Answers and Defendants filing a Verified Summary based on the aforementioned document exchange. After the document exchange and the sworn filings are completed, the case is poised for a successful mediation conference with the Court's chosen mediator.

Here, Defendants were required to provide to Plaintiff by November 29, 2018: "All time sheets and payroll records in Defendant's possession, custody or control that pertain to work performed by Plaintiff during the time period for which Plaintiff claims unpaid wages." (Id. at 2). The Order then called upon Plaintiff to file Interrogatory Answers by December 14, 2018. (Id.).

On December 14, 2018, Plaintiff timely filed sworn Interrogatory Answers, but some of her answers are incomplete. (Doc. # 31). Interrogatory 7 asks Plaintiff to "provide an accounting of [her] claim" including: "(a) dates worked; (b) regular hours worked; (c) over-time hours worked; (d) pay received versus pay claimed; and (e) total amount claimed." (Id.). But Plaintiff does not provide any information as to these vital components of the case. Instead, she states: "At this point, I am attempting to obtain my pay statements, and therefore I cannot accurately answer this interrogatory, but

2

I will promptly update the answer to this interrogatory when I have obtained them." (Id. at 2).

Here, all payroll records should have already been provided to Plaintiff. Either Defendants failed to turn over the payroll records, or Plaintiff has not accessed and synthesized the information to formulate an appropriate response to the Court's inquiry.

A large percentage of the Court's docket is comprised of FLSA cases, and the Court has developed a specific, cost-effective method for the early resolution of these cases. The Court has previously noted that "[d]ue to the volume of cases based on the FLSA, the Court expects strict adherence" to the requirements of the FLSA scheduling Order and "[f]ailure to comply may result in the imposition of sanctions, including but not limited to the dismissal of the case and the striking of pleadings." (Doc. # 25 at ¶ 21).

Although the Court is not inclined to impose sanctions at this juncture, the Court will require Plaintiff to supplement the Interrogatory Answers by **December 28, 2018.** No extensions of this deadline will be authorized because the mediation has been set for January 11, 2019. The Court's mediator, Mark Hanley, Esq., has a proven track record of settling employment law cases, including those brought under the FLSA. However,

3

his ability to adequately prepare for the mediation (as well as the parties' ability to prepare for the mediation) will be severely compromised if basic information -- such as the amount claimed by Plaintiff -- has not been disclosed.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

The Court mandates that Plaintiff file full, direct, and complete answers to the Court's interrogatories by **December 28, 2018,** failing which the Court will be inclined to dismiss the case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 18th day of December, 2018.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE